No. 9097.
Orleans

---

ED.  ADAM  KREIDER  v.  JOHN  H. KRAAK, Appellant.

---

(November 16, 1925. Opinion and Decree.)
(November 30, 1925, Rehearing Granted.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Surveyors and Surveys—Par. 11.

Where a purchaser of real estate buys with knowledge of the fact that the long established boundaries between the purchased property and the property of the adjacent proprietor encroach upon the title dimensions of the property he is buying he will be held to have acquiesced readjustment of boundaries to comport with his title.

ON A REHEARING.

2. Louisiana Digest—Surveyors and Surveys—Par. 24.

Visible boundaries existing for over thirty years should prevail over those given or described in deeds or titles.

Appeal from Civil District Court. Hon. Porter Parker, Judge.

This is a petitory action. Defendant pleaded a prescription of thirty years acquirendi causa liberandi causa and a plea of estoppel. There was judgment for plaintiff as prayed for and defendant has appealed.

Judgment reversed.

M. M. Manion and H. W. Kaiser of New Orleans, attorneys for plaintiff, appellee.

H. S. Suthon and Fred Zingle of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a petitory action. Kreider, the plaintiff, purchased lots 13, 14 and 15 in square 715, First District of this City, bounded by Telemachus, Gravier and Genois Streets and Tulane Avenue. "Said portion of ground begins at a distance of 57 feet 7 inches and 4 lines from the corner of Genois Street, and measures 83 feet 3 inches and 3 lines front on Tulane Avenue by a depth between equal and parallel lines of 114 feet and 6 inches as per survey by F. Waddill, Surveyor, January 12, 1921." Plaintiff acquired the property by purchase from the Hibernia Homestead by act before J. P. Sullivan, Notary, on January 27, 1921.

This suit relates to a strip of land 86 feet 4 inches and 4 lines in width by a depth of 3 feet 10 inches and 4 lines along the rear of plaintiff's property and included within his title, which is now possessed by defendant.

The defendant pleads estoppel based upon the fact as alleged that plaintiff was aware of his occupancy and possession of the property in dispute before his acquisition of title thereto. He also pleads the prescription of 30 years acquirendi causa and liberandi causa. There was judgment below in plaintiff's favor as prayed for and defendant has appealed.

Our attention is first directed to the plea of prescription. The evidence is conclusive to the effect that the present boundaries have been established for a period considerably longer than 30 years. A fence and a shed mark the division of the properties of plaintiff and defendant, whose property adjoins plaintiff's in the rear, and this fence and shed or some other fence or shed have been on that line continuously for more than 30 years. There has been, therefore, adverse possession for the prescriptive period. But defendant acquired title to his property and his occupancy of the disputed strip in 1902, consequently he has not the actual possession for the full 30 years as required for prescription acquirendi causa without title.

R. C. C. 3503. "How favorable soever prescription may be, it shall be restricted within just limits. Thus in the prescription of 30 years, which is acquired without title, it extends only that which has been actually possessed by the person pleading it." Opdenwyer vs. Brown, 155 La. 618, 99 South. 482.

There is therefore no prescription acquirendi causa. The prescription liberandi causa is based upon Art. 3548 R. C. C. This article reads as follows:

"All actions, real as well as personal, are prescribed by thirty years without the one who invokes this prescription being obliged to produce a title, or its being possible to oppose to him the exception resulting from bad faith."

In Harang vs. Golden Ranch Land & Drainage Company (on rehearing), 143 La. 1007, 79 South. 768, the court, in referring to this Article, said, through Mr. Justice Provosty:

"The question of whether this article, which, it will be observed, makes no mention of possession, dispenses the party pleading this prescription as against the petitory action or action in revindication of real estate from the necessity of showing the possession requisite for the prescription of 30 years acquirendi causa was

raised for the first time in the case of Orvise vs. The Brothers of St. Visteur, Sirey, 1879, Vol. 1, p. 313, Journal du Palais, 1879, p. 777. In that case Orvise, the plaintiff, sued to recover a tract of land which has father had sold to the defendant religious association more than 30 years back. His ground of action was that the sale had been null, had not divested the ownership of his father, because, religious organizations being prohibited in France, these religious brothers had had no legal existence, and hence could not possibly have acquired the property. In the course of his argument Attorney General Robinet de Clery invoked this article 2262 as a bar to plaintiff's action in nullity of the sale. The court sustained the prescription, but as reproduced in Journal du Palais, 1907, first part, p. 276, sustained it only as to the action in nullity, not as to petitory action."

The learned judge proceeds in an elaborate and extremely able opinion to discuss the question, and in conclusion holds that possession is necessary to support the plea.

The plea of prescription liberandi causa must be overruled.

The plea of estoppel is based upon the following facts:

Plaintiff before buying the property the rear end of which is encroached upon by defendant caused it to be surveyed. As a result of this survey it appeared that all the property holders in the block facing Tulane Avenue in which the property bought by plaintiff is situated had encroached several feet upon the banquette in erecting improvements on their property due to some mistake in the common property line. This fact was known to plaintiff before he purchased the property, as was the fact that defendants' boundaries had encroached upon the property he was considering several feet in the rear. After purchasing plaintiff promptly extended his building line over the banquette also, so as to take advantage of the situation, by erecting a gallery to the premises he bought.

Plaintiff deliberately bought the property knowing that the strip of land in the rear, the object of this suit, was not in possession of his vendor, though included in his title. Upon the trial of the case it developed that the rear boundaries of plaintiff's property had remained as at present established for nearly forty years, so that plaintiff's vendor or his authors in title had been out of possession of this strip of land for at least that length of time.

We are of opinion that the plea of estoppel is well founded. Plaintiff can not be allowed to disturb the long existing conditions, of which he was aware. Having purchased with knowledge of the actual boundaries, he is presumed to have acquiesced. He was not slow to accept the benefit of the improper building line in the front of his property, however precarious his occupancy of the banquette may be, and he can not be heard to question the rear boundary of the property. He has accepted the benefits of the situation and is estopped to complain of it.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that plaintiff's suit be dismissed at his cost.

### ON REHEARING.

WESTERFIELD, J. Per Curiam: After careful consideration of the issues involved in this suit, and of the able arguments presented on rehearing, we find no reasons for departing from our former conclusions. As was said in Opdenwyer vs. Brown, 155 La. 626, 99 South. 482.

"It is our firm conviction that the public interest requires that boundaries established for more than thirty years should not be disturbed."

It is therefore ordered that our former decree be reinstated.